JK

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| DANIEL GLICK | ) | Case Number: 17 cr 739-1 |
| | ) | USM Number: 52735-424 |
| | ) | Mark A. Flessner<br>Defendant's Attorney |

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1 of the Information.
☐ pleaded nolo contendere to count(s)     which was accepted by the court.
☐ was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 4/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)     dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

4/17/2018
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Robert W. Gettleman  U.S. District Court Judge
Name and Title of Judge

4/17/2018
Date

DEFENDANT: DANIEL GLICK
CASE NUMBER: 17 CR 739-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: one hundred fifty-one (151) months.

☒ The court makes the following recommendations to the Bureau of Prisons: That the Bureau select the facility located in Danbury, Connecticut

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at     on

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒ before 2:00 pm on 6/6/2018

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

 

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

ILND 245B (Rev. 08/02/2016) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 3 of 4

DEFENDANT: DANIEL GLICK
CASE NUMBER: 17 CR 739-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals | $100.00 | $ | $5,206,432.09 |

☐ The determination of restitution is deferred until       . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| W. Family c/o Robert W. |  | $ 3,369,493.75 |  |
| H. Family c/o Nancy H. |  | $ 1,471,777.98 |  |
| Andrew K. |  | $ 164,000.00 |  |
| Cynthia and David F. |  | $ 19,282.98 |  |
| Robert P. |  | $ 78,000.00 |  |
| William W. |  | $ 50,000.00 |  |
| Angel & Ryan C. |  | $ 53,877.38 |  |
| **Totals:** |  | $5,206,432.09 |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the       .

   ☐ the interest requirement for the       is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DANIEL GLICK
CASE NUMBER: 17 CR 739-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

☐ balance due not later than , or

☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (e.g. weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal (e.g. weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See attached Preliminary Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 17 CR 739 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| DANIEL GLICK ) | |

**PRELIMINARY ORDER OF FORFEITURE**

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2.

(a)  On November 15, 2017, an information was filed charging defendant DANIEL GLICK with wire fraud in violation of 18 U.S.C. § 1343. The information sought forfeiture to the United States of any and all property constituting and derived from the proceeds the defendant obtained, directly and indirectly, as a result of his violation of 18 U.S.C. § 1343, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(b)  On January 9, 2018, pursuant to Fed. R. Crim. P. 11, defendant DANIEL GLICK entered a voluntary plea of guilty to the information, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(c)  Pursuant to the terms of the plea agreement, defendant DANIEL GLICK and as a result of his violation of 18 U.S.C. § 1343, defendant DANIEL GLICK agreed that certain property, including but not limited to:

    (i)  a personal money judgment in the amount of $5,200,000,

    (ii)  all stock and ownership interests in three companies owned by defendant DANIEL GLICK, namely, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd.;

(iii)   stocks and/or shares purchased in the name of defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or in the name of his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such stocks and shares, from the entities listed below: and

(iv)   loan repayments, line of credit repayments, and property held as collateral relating to such, owed to defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such loans and lines of credit, from the entities listed below:

1. Nutristat, Inc.
   Downers Grove, Illinois;

2. White Cyber Knight, Inc.
   Tel Aviv, Israel;

3. Pimi Agro Cleantech, Ltd.
   Kiryat Tivon, Israel;

4. Balance Agrotech, Inc.
   Kiryat Tivon, Israel;

5. Quartet Technologies, Ltd.
   Tel Aviv, Israel;

6. Pixitier Maps, Inc.
   Haifa, Israel;

7. Rewardy, Inc.
   New York, New York, and Tel Aviv, Israel;

8. Correlata Solutions, Ltd,
   Yavne, Israel;

9. Firmitas Cyber Solutions, Ltd.
   Kfar Saba, Israel;

10. Artincam, Ltd.
    Herzelia Pituach, Israel;

11. Beat Med, Ltd.
    Karimiel, Israel;

        12. BIOP-Medical, Ltd.
            Ramat Gan, Israel;

        13. Mprest c/o OurCrowd
            Jerusalem, Israel;

        14. Salead, LTD
            Tel Aviv, Israel;

        15. Vtool, LTD
            Bnei Brak, Israel,

(d)    Defendant DANIEL GLICK has agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in the foregoing property pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), for disposition according to law.

(e)    The United States requests that this Court enter a preliminary order of forfeiture against defendant DANIEL GLICK as to a personal money judgment in the amount of $5,200,000 and the foregoing property, because the property constitutes and is derived from the proceeds traceable to the offense of conviction.

(f)    Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, if any of the funds in the amount of the money judgment entered against defendant DANIEL GLICK as a result of any act or omission of the defendant:

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with, a third party;

    3.    has been placed beyond the jurisdiction of the Court;

    4.    has been substantially diminished in value, or

    5.    has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant DANIEL GLICK up to the value of $5,200,000, in order to satisfy the personal money judgment entered by the Court.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.  That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Fed. R. Crim. P. 32.2, all right, title and interest of defendant DANIEL GLICK in the follow property is hereby forfeit to the United States of America for disposition according to law;

    (a) a personal money judgment in the amount of $5,200,000,

    (b) all stock and ownership interests in three companies owned by defendant DANIEL GLICK, namely, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd.;

    (c) stocks and/or shares purchased in the name of defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or in the name of his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such stocks and shares, from the entities listed below: and

    (d) loan repayments, line of credit repayments, and property held as collateral relating to such, owed to defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such loans and lines of credit, from the entities listed below:

    1. Nutristat, Inc.
       Downers Grove, Illinois;

    2. White Cyber Knight, Inc.
       Tel Aviv, Israel;

    3. Pimi Agro Cleantech, Ltd.
       Kiryat Tivon, Israel;

    4. Balance Agrotech, Inc.
       Kiryat Tivon, Israel;

    5. Quartet Technologies, Ltd.

        Tel Aviv, Israel;

6. Pixitier Maps, Inc.
   Haifa, Israel;

7. Rewardy, Inc.
   New York, New York, and Tel Aviv, Israel;

8. Correlata Solutions, Ltd,
   Yavne, Israel;

9. Firmitas Cyber Solutions, Ltd.
   Kfar Saba, Israel;

10. Artincam, Ltd.
    Herzelia Pituach, Israel;

11. Beat Med, Ltd.
    Karimiel, Israel;

12. BIOP-Medical, Ltd.
    Ramat Gan, Israel;

13. Mprest c/o OurCrowd
    Jerusalem, Israel;

14. Salead, LTD
    Tel Aviv, Israel;

15. Vtool, LTD
    Bnei Brak, Israel,

    2.    That, upon entry of this preliminary order of forfeiture, the Court hereby authorizes the Attorney General or his designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court;

    3.    That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall be authorized to seize and take custody of the foregoing property for disposition according to law;

5

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is subject of the preliminary order of forfeiture. The government is unaware at his time of anyone who qualifies for such notice;

5. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within 30 days of the final publication of notice or this receipt of notice under paragraph four, whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

6. That, following the Court's disposition of all third parties interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America;

7. That, pursuant to the terms of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order are part of the sentence imposed against DANIEL GLICK and shall be made part of any judgment and commitment order entered in this case against him;

8. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
ROBERT W. GETTLEMAN
United States District Judge

DATED: April 17, 2018