UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 17 CR 739 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DANIEL GLICK | ) | |

## PRELIMINARY ORDER OF FORFEITURE

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2.

(a) On November 15, 2017, an information was filed charging defendant DANIEL GLICK with wire fraud in violation of 18 U.S.C. § 1343. The information sought forfeiture to the United States of any and all property constituting and derived from the proceeds the defendant obtained, directly and indirectly, as a result of his violation of 18 U.S.C. § 1343, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(b) On January 9, 2018, pursuant to Fed. R. Crim. P. 11, defendant DANIEL GLICK entered a voluntary plea of guilty to the information, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(c) Pursuant to the terms of the plea agreement, defendant DANIEL GLICK and as a result of his violation of 18 U.S.C. § 1343, defendant DANIEL GLICK agreed that certain property, including but not limited to:

    (i) a personal money judgment in the amount of $5,200,000,

    (ii) all stock and ownership interests in three companies owned by defendant DANIEL GLICK, namely, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd.;

(iii) stocks and/or shares purchased in the name of defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or in the name of his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such stocks and shares, from the entities listed below: and

(iv) loan repayments, line of credit repayments, and property held as collateral relating to such, owed to defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such loans and lines of credit, from the entities listed below:

1. Nutristat, Inc.
   Downers Grove, Illinois;

2. White Cyber Knight, Inc.
   Tel Aviv, Israel;

3. Pimi Agro Cleantech, Ltd.
   Kiryat Tivon, Israel;

4. Balance Agrotech, Inc.
   Kiryat Tivon, Israel;

5. Quartet Technologies, Ltd.
   Tel Aviv, Israel;

6. Pixitier Maps, Inc.
   Haifa, Israel;

7. Rewardy, Inc.
   New York, New York, and Tel Aviv, Israel;

8. Correlata Solutions, Ltd,
   Yavne, Israel;

9. Firmitas Cyber Solutions, Ltd.
   Kfar Saba, Israel;

10. Artincam, Ltd.
    Herzelia Pituach, Israel;

11. Beat Med, Ltd.
    Karimiel, Israel;

        12. BIOP-Medical, Ltd.
            Ramat Gan, Israel;

        13. Mprest c/o OurCrowd
            Jerusalem, Israel;

        14. Salead, LTD
            Tel Aviv, Israel;

        15. Vtool, LTD
            Bnei Brak, Israel,

(d)     Defendant DANIEL GLICK has agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in the foregoing property pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), for disposition according to law.

(e)     The United States requests that this Court enter a preliminary order of forfeiture against defendant DANIEL GLICK as to a personal money judgment in the amount of $5,200,000 and the foregoing property, because the property constitutes and is derived from the proceeds traceable to the offense of conviction.

(f)     Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, if any of the funds in the amount of the money judgment entered against defendant DANIEL GLICK as a result of any act or omission of the defendant:

        1.     cannot be located upon the exercise of due diligence;

        2.     has been transferred or sold to, or deposited with, a third party;

        3.     has been placed beyond the jurisdiction of the Court;

        4.     has been substantially diminished in value, or

        5.     has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant DANIEL GLICK up to the value of $5,200,000, in order to satisfy the personal money judgment entered by the Court.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Fed. R. Crim. P. 32.2, all right, title and interest of defendant DANIEL GLICK in the follow property is hereby forfeit to the United States of America for disposition according to law;

    (a)    a personal money judgment in the amount of $5,200,000,

    (b)    all stock and ownership interests in three companies owned by defendant DANIEL GLICK, namely, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd.;

    (c)    stocks and/or shares purchased in the name of defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or in the name of his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such stocks and shares, from the entities listed below: and

    (d)    loan repayments, line of credit repayments, and property held as collateral relating to such, owed to defendant DANIEL GLICK (a/k/a Daniel H. Glick and Daniel Howard Glick), and/or his companies, Financial Management Strategies, Inc., Glick Accounting Services, Inc. and/or Glick & Associates, Ltd., and payments relating to such loans and lines of credit, from the entities listed below:

        1. Nutristat, Inc.
           Downers Grove, Illinois;

        2. White Cyber Knight, Inc.
           Tel Aviv, Israel;

        3. Pimi Agro Cleantech, Ltd.
           Kiryat Tivon, Israel;

        4. Balance Agrotech, Inc.
           Kiryat Tivon, Israel;

        5. Quartet Technologies, Ltd.

      Tel Aviv, Israel;

6. Pixitier Maps, Inc.
   Haifa, Israel;

7. Rewardy, Inc.
   New York, New York, and Tel Aviv, Israel;

8. Correlata Solutions, Ltd,
   Yavne, Israel;

9. Firmitas Cyber Solutions, Ltd.
   Kfar Saba, Israel;

10. Artincam, Ltd.
    Herzelia Pituach, Israel;

11. Beat Med, Ltd.
    Karimiel, Israel;

12. BIOP-Medical, Ltd.
    Ramat Gan, Israel;

13. Mprest c/o OurCrowd
    Jerusalem, Israel;

14. Salead, LTD
    Tel Aviv, Israel;

15. Vtool, LTD
    Bnei Brak, Israel,

    2.     That, upon entry of this preliminary order of forfeiture, the Court hereby authorizes the Attorney General or his designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court;

    3.     That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall be authorized to seize and take custody of the foregoing property for disposition according to law;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is subject of the preliminary order of forfeiture. The government is unaware at his time of anyone who qualifies for such notice;

5. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within 30 days of the final publication of notice or this receipt of notice under paragraph four, whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

6. That, following the Court's disposition of all third parties interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America;

7. That, pursuant to the terms of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order are part of the sentence imposed against DANIEL GLICK and shall be made part of any judgment and commitment order entered in this case against him;

8. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

ROBERT W. GETTLEMAN
United States District Judge

DATED: April 17, 2018